IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE LUIS RIVERA-CARTAGENA, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO.** 09-1787 (FAB) |
| WALMART PUERTO RICO, *et al.*, | |
| **Defendants.** | |

**MEMORANDUM & ORDER**

Before the Court is the motion to compel production of documents filed by plaintiffs.  Having considered the arguments in the motion to compel and defendants' opposition, the Court **GRANTS IN PART AND DENIES IN PART** the motion to compel, (Docket No. 81).

**DISCUSSION**

**A.   Legal Standard**

Federal Rule of Civil Procedure 26(b) ("Rule 26(b)") limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Rule 26(b) also allows a court, for good cause, to "order discovery of any matter relevant to the subject matter involved in the action." Id.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Plaintiffs and defendants in this case each assert that their respective opposing parties bear the initial burden in determining whether the requested documents are relevant for the purposes of discovery. (See Docket Nos. 81 & 92.)  Cases in this district have indeed differed on the proper placement of that burden.  See, e.g., Sanchez-Medina v. UNICCO Service Co., 265 F.R.D. 29, 37-38 (D.P.R. 2010).  One approach is to determine the relevance of a request "on its face" and require a party objecting to the production of documents to "establish[] the lack of relevancy of the information requested."  Id.  Another approach is to require that a party seeking discovery first make a cursory showing as to the requested discovery's relevance.  Diaz-Padilla v. Bristol Myers Squibb Holding Ltd. Liab. Co., Civ. No. 04-1003, 2005 WL 783076 at *2 (D.P.R. Apr. 4, 2005) (finding this initial burden to be light).  Only upon this showing would the party objecting to discovery be required "to show why discovery should not be permitted."  Id.  Ultimately, the Court need not adopt either approach expressly.  As described in more detail below, the result is the same regardless of whether plaintiffs are yoked with the initial burden of showing relevance.

## B.   Documents Requested by Plaintiffs

Plaintiffs request that the Court order defendants to produce a "[c]opy of Mr. Oscar Class [sic] personnel file, including specifically his records of disciplinary actions covering the

period of 2008 to 2010" and a "[c]opy of Mr. Roberto Pacheco [sic] personnel file, including specifically his records of disciplinary actions covering the period of 2008 to 2009." (Docket No. 81.) From the materials submitted by the parties, it appears that Oscar Class ("Class") and Roberto Pacheco ("Pacheco") are two individuals who worked for defendants at the same time as Rivera and occupied positions similar to that of Rivera's former position. (See Docket Nos. 81 & 92.) Defendants argue that plaintiffs' motion is "nothing more than a fishing expedition" and the requested documents have no relevancy to the claims alleged in the complaint. (Docket No. 92.)

As an initial matter, plaintiffs make no specific argument to show the relevance of the entire personnel files of these two individuals, but rather focus on their disciplinary records. Neither is the relevance of all documents contained in those personnel files apparent without further elucidation. Given this lack of evident or explained relevance, plaintiffs request for unspecified portions of the requested personnel files fails under either of the standards cited above. See Sanchez-Medina, 265 F.R.D. at 37-39. Accordingly, the Court will proceed to consider only plaintiffs' specific requests for the disciplinary records of Class and Pacheco.

Civil No. 09-1787 (FAB)                                                    4

### 1.   Class's Disciplinary Records

Even if plaintiffs in this case had an initial burden to show relevance, they have sufficiently articulated the relevance of Class's disciplinary records to their claims of disparate treatment. Specifically, plaintiffs argue that Class's disciplinary records would be relevant to their claim that Rivera was punished more severely than other employees as part of a pattern of discrimination. (Docket No. 81 at 7.) Having made this initial showing, the burden shifts to defendants to show that Class's disciplinary records should not be produced. See Diaz-Padilla, 2005 WL 783076 at *2.

Defendants have not succeeded in rebutting plaintiffs' relevancy showing or articulating some other reason for withholding the requested documents. With regard to Class's record of disciplinary actions, defendants claim that none of those actions were taken as a result of the violation of the same rule which Rivera violated. (Docket No. 92 at 6-7.) Defendants argue that because Class and Rivera were not disciplined under the same rule, Class cannot be considered "similarly situated" to Rivera, thus precluding any potential relevancy of his disciplinary records. Id.

Contrary to defendants' argument, however, it is not absolutely necessary for other employees to violate the same rule as a plaintiff in order to show disparate disciplinary action. See

Civil No. 09-1787 (FAB)                                                5

Velez v. Thermo King de P.R., Inc., 585 F.3d 441, 451 (1st Cir.
2009). Whether disciplinary action is considered disparate depends
on "'whether a prudent person, looking objectively at the
incidents, would think them roughly equivalent and the protagonists
similarly situated.'" Id. (quoting Perkins v. Brigham & Women's
Hosp., 78 F.3d 747, 752 (1st Cir. 1996)). "'While an exact
correlation is not necessary, the proponent must demonstrate that
the cases are fair congeners.'" Id. Under this standard, it seems
at least possible that evidence of Class's disciplinary records,
even if not related to precisely the same violation committed by
Rivera, could be relevant to plaintiffs' claim of disparate
treatment.

        Furthermore, defendants' argument seems to be focused on
whether the documents requested would be sufficient ultimately to
prevail on the claim, rather than the far more simple issue of
relevance for discovery purposes. (Docket No. 92 at 7.) Even if
defendants are correct in their prediction that Class's
disciplinary records would be insufficient to establish liability
for employment discrimination conclusively, information does not
have to meet that standard to be discoverable. See Sanchez-Medina,
265 F.R.D. at 37-39. That type of information need only "appear[]
reasonably calculated to lead to the discovery of admissible
evidence." Fed.R.Civ.P. 26(b)(1). Defendants have not established
that Class's disciplinary records for the years 2008 through 2010

are outside the "broad scope of relevance defined pursuant to [Rule 26(b)(1)]."  See Sanchez-Medina, 265 F.R.D. at 38.  Accordingly, plaintiffs' request for those records is **GRANTED**.[1]

### 2.  Pacheco's Disciplinary Records

Plaintiff's argument regarding the production of Pacheco's disciplinary records is that they are relevant to the selection process for a position of Manager in Caparra awarded to Pacheco over Rivera.  (Docket No. 81 at 8-9.)  While those records would appear relevant, defendants state that they have already produced the only record of a disciplinary action taken with regard to Pacheco between January of 2008 and the time of Pacheco's selection for the position of Manager in Caparra in January of 2009.  Given that plaintiff only requests disciplinary records from 2008 and 2009, it appears that, for the most part, defendants have already complied with plaintiffs' discovery request.  (See Docket No. 81 at 2.)

Defendants argue that any disciplinary records relating to the time period after Pacheco's selection for the Manager

---

[1] The only other argument against releasing the information requested by plaintiffs is defendants' brief reference to the "private nature" of the personnel files in question.  It appears that the parties have already executed a Consent Protective Order in this case which seeks to protect the "private nature" of exactly these types of documents.  (See Docket No. 44 at 2.)  Absent any indication of additional dangers related to the production of these particular documents, the general privacy interests implicated by the disclosure of Class's disciplinary records seem adequately safeguarded by the protective order already in place.

Civil No. 09-1787 (FAB)                                                        7

position would not be relevant to plaintiffs' claim that there was discrimination involved in the selection process. (Docket No. 92 at 8-9.)  The Court agrees.  The relevance of any disciplinary actions taken against Pacheco after the selection process for the contested position is not apparent.  Nor have plaintiffs illustrated why any such disciplinary actions would be relevant to their claims regarding Pacheco's selection for that position. Accordingly, plaintiffs request for further disciplinary records related to Pacheco is **DENIED.**

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel, (Docket No. 81), is **GRANTED IN PART AND DENIED IN PART.**  The motion is **GRANTED** with regard to Class's disciplinary records for the years 2008 through 2010.  The motion is **DENIED** with regard to all other documents requested.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 23, 2010.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE